ROY VAUGHAN, Appellant, v. UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, and T. H. Mastin & Company, a Corporation, Respondents.

(217 N. W. 167.)

**Evidence — sheriff's return best evidence of service of process.**

> The sheriff's return is the best evidence of the service of process, and where there is no return, no application to the court to amend a return or to make and file a return, and no offer to prove service of process by the officer, secondary evidence is not admissible.

> Evidence examined and is held insufficient to support a judgment for damages.

Opinion filed December 29, 1927.

Evidence, 22 C. J. § 1287 p. 1009 n. 92. Replevin, 34 Cyc. p. 1605 n. 69.

---

Note.—As to sufficiency of evidence to support sheriff's return of service of process, see 21 R. C. L. 1320.

Appeal from the District Court of Ward County, *Moellring,* J. Affirmed.

*G. W. Twiford* and *Dudley L. Nash,* for appellant.

*McGee & Goss* and *B. H. Bradford,* for respondents.

BURKE, J.   This is an action to recover on an alleged wrongful taking in an action in Claim and Delivery of an automobile, and upon an undertaking in said action.

At the close of plaintiff's testimony the trial court on motion dismissed the action upon the grounds that the plaintiff's testimony failed to show that the automobile had been taken from his possession and failed to show any damages, and the plaintiff appeals.

It is the contention of the appellant that the evidence makes out a prima facie case of both seizure and damages, first, "the answer in the instant case admits that there was an action concerning an automobile wherein the defendant, T. H. Mastin & Co. a corporation was plaintiff, and one Roy Vaughan, the plaintiff herein, was defendant, for the possession of a Cadillac automobile, and after the commencement of said action, the said Roy Vaughan against whom said action was begun admits, agreed and conceded, that said automobile was a stolen car originally belonging to the defendant T. H. Mastin & Co., and stolen from said corporation, and the said Roy Vaughan paid to the defendant T. H. Mastin & Co. by payment to its attorney of record in said action, W. H. Sibbald, the sum of $1,300, for the purchase price of said car and in settlement of said action, and did release and discharge said bond of this defendant U. S. Fidelity and Guaranty Company." Because of this statement in the answer, appellant claims that the defendant admits the taking of the automobile.   There is no allegation in the answer that the automobile was taken in an action in Claim and Delivery, the allegation is, that there was an action between the parties concerning an automobile or for the possession of an automobile.   There is no admission in the answer that the action was one claiming the right to the immediate delivery of the automobile, and no allegation sufficient to show a seizure.

The plaintiff offered in evidence the files in the case of Mastin & Company v. Richard Vaughan, John Doe, and Richard Roe, which purported to be an action in Claim and Delivery.   The sheriff's return blank in Claim and Delivery was filled out, but never signed, and there-

was no return on summons or complaint. The said record was first admitted, but later stricken out as not the best evidence, for the reason, that the sheriff's return had never been executed. The appellant sought to prove seizure by portions of the deposition of Mr. Sibbald which had been taken in the former action, and to which the court sustained an objection that it was not the best evidence.

During the trial the court asked the plaintiff the following questions. "Were you here at the time Mr. Vaughan?" (The time the former action was commenced.) Ans. "I was out of town and when I came back my car had a log chain on it in the garage. I had locked the car in Mr. Smith's garage, and when I came back it had a log chain on it." Ques. "That is all you know about it?" Ans. "Yes sir." The plaintiff was called for cross-examination and testified. Ques. "Didn't you afterwards sell the car?" Ans. "My partner afterwards had possession of it Mr. Bunn." Ques. "But you had possession of it frequently afterwards?" Ans. "I drove it frequently afterwards." Ques. 'And you personally took it out of Mr. Smith's garage after that?" Ans. "I couldn't say." "We had four or five cars there and I might have went and took it out. I took any car." Ques. "And you had possession of that car many times after that?" Ans. "I drove it several times afterwards yes." Ques. "Mr. Vaughan you employed Mr. Twiford as your attorney in reference to the taking of that car from you?" Ans. "Yes sir." Ques. "And he was authorized to deal and transact business for you with respect to it?" Ans. "I hired Mr. Twiford to take care of that particular case when they brought this action." Ques. "And didn't Mr. Twiford attend to the subsequent business of turning over a check?" Ans. "Yes sir." "And did that with your authority?" Ans. "No the check wasn't mine that he turned over."

It appears from the record that E. P. Schofield was sheriff at the time of the bringing of the first action and Chester Jacobson was his deputy. They were not called to testify as to the service of the papers and no application was made to the court to amend or to file a return of the sheriff. Testimony of the officer serving the papers, if the papers were served would of course, have been the best evidence and no doubt, if they had applied to the court for leave to amend the return it would have been granted, and the service of the papers could have been proved,

if they had been served. There was no error in striking out the record, it was not the best evidence and no foundation had been laid for its introduction. 2 Jones, Ev. 2d ed. § 759.

We are of the opinion also, that the plaintiff did not show any damages. According to his own testimony he kept the car in Smith's garage and when he returned, it was there. It had a log chain on it, but there is no evidence that the log chain locked the car in any way or that he couldn't have taken his car. He says, "I had the car locked in Smith's garage and when I returned it had a log chain on it, and that's all I know about it." He is asked if he did not afterwards sell the car, and he evades the question by saying, "Afterwards I drove it." Ques. "You afterwards had possession of it?" Ans. "My partner afterwards had possession of it." Ques. "And you personally took it out of Smith's garage?" Ans. "I couldn't say, we had four or five cars in there and I might have went and took it out." "I took any car." "I drove it several times afterwards" (meaning after the commencement of the other action).

If the car had been seized it got back into the possession of the plaintiff and his partner, and there is no evidence that the sheriff or the plaintiff ever regained possession of it.

He admits that he employed Twiford to look after the first case, and that Twiford did turn over a check in connection with the case. He says the check didn't belong to him but he employed Twiford to act for him, and it doesn't make any difference to whom the check belonged after it was turned over to Twiford for the plaintiff Vaughan.

There was not sufficient evidence either of the service of the process or of the damages to sustain a judgment and the judgment of the trial court is affirmed.

BIRDZELL, Ch. J., and BURR, NUESSLE, and CHRISTIANSON, JJ., concur.